**Electronically Filed**
**Intermediate Court of Appeals**
**CAAP-12-0000020**
**30-AUG-2013**
**07:56 AM**

NO. CAAP-12-0000020

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

STATE OF HAWAI'I, Plaintiff-Appellee,
v.
LINCOLN PHILLIPS, Defendant-Appellant

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CRIMINAL NO. 08-1-1430)

SUMMARY DISPOSITION ORDER
(By: Foley, Presiding J. and Leonard, J.,
with Reifurth, J., dissenting)

Defendant-Appellant Lincoln Phillips appeals from a December 12, 2011 "Amended Judgment of Conviction and Sentence" entered in the Circuit Court of the First Circuit[1] (circuit court) convicting him of attempted murder in the second degree. Phillips was convicted of attempting to murder his wife with a hammer at his residence.

Phillips contends the circuit court erred when it:

(1) denied his motion to suppress evidence of a hammer recovered from his garage as a violation of his rights under the Fourth Amendment to the United States Constitution and Article I, section 7 of the Hawai'i Constitution;

---

[1] The Honorable Karen S.S. Ahn presided.

(2) denied his motion to suppress evidence of clothing recovered from a trash can in his garage as a violation of his rights under the Fourth Amendment to the United States Constitution and Article I, section 7 of the Hawai'i Constitution; and

(3) ordered him to pay restitution of $5,730 in funeral expenses and $800 in costs to transport the wife's body, for a total of $6,530 in violation of HRS § 706-646 (2012 Repl.).

For purposes of our disposition of this case, the pertinent finding of fact (FOF), and conclusion of law (COL) in the circuit court's December 31, 2009 "Findings of Fact, and Conclusions of Law and Order Granting in Part and Denying in Part [Phillips's] Motion to Suppress Evidence and Statements" are as follows:

[FOF] 1. Honolulu Police Officer Jon Tokunaga arrived at 91-2006 Kaioli Street, Unit #5004, Ewa Beach, City and County of Honolulu, Hawaii (hereinafter, "residence"), at about 4:12 a.m. on September 3, 2008. [Phillips] had called police to report that he had discovered wife injured to the head when he came home that morning. Tokunaga went upstairs and saw the [wife] injured in the bedroom. He then was assigned by his supervisor to look in the immediate vicinity of the residence for possible weapons. Tokunaga knew no other facts and had no suspects in mind. In the residence's garage, Tokunaga saw a hammer whose handle was wet and which bore a spot of what appeared to be blood on its head sitting atop a cooler, which was not wet.

\* \* \*

[COL] 4. A police officer has probable cause when facts and circumstances within his knowledge and of which he has reasonably trustworthy information are sufficient to warrant a person of reasonable caution in the belief that a crime has been committed. Section 803-5, Hawaii Revised Statutes. Under the plain view doctrine, where a governmental agent is engaged in a lawful intrusion and inadvertently observes evidence of a crime, the seizure of such evidence does not require further constitutional protection. State v. Jenkins, 93 [Hawai'i] 87, 103 (2000). Here, [Phillips] called police to investigate the circumstances of wife's head injuries at his residence. Hence, when Officer Tokunaga, who had been sent to the residence by dispatch in response to [Phillip's] telephone call, saw a hammer, appearing partially wet and bearing what appeared to be blood, atop coolers near the residence's garage door, he was lawfully within the garage and had probable cause to believe that the hammer, in the context of wife's head injuries, was evidence of a crime, to wit, the reasonably trustworthy information that police had when they

> discovered the hammer was sufficient to warrant a person of reasonable caution in the belief that the hammer was evidence of a crime involving [Phillip's] wife in the upstairs bedroom.

(Emphases added.)

The circuit court held the hammer was properly seized in plain view. "Three factors are required to merit a legitimate plain view observation: (1) prior justification for the intrusion: (2) _inadvertent discovery_; and (3) probable cause to believe the item is evidence of a crime or contraband." State v. Meyer, 78 Hawai'i 308, 314, 893 P.2d 159, 165 (1995) (emphasis added). In Meyer, the Hawai'i Supreme Court cited with approval the dissent by Justice Brennan, joined by Justice Marshall, in Horton v. California, 496 U.S. 128, 110 S. Ct. 2301 (1990):

> [t]he rationale behind the inadvertent discovery requirement is simply that we will not excuse officers from the general requirement of a warrant to seize if the officers know the location of evidence, have probable cause to seize it, intend to seize it, and yet do not bother to obtain a warrant particularly describing that evidence.

Meyer, 78 Hawai'i at 314 n.6, 893 P.2d at 165 n.6 (quoting Horton, 496 U.S. at 144-45, 110 S.Ct. at 2312).

Officer Tokunaga was ordered by his supervisor to search the premises for the weapon used in the attack on the wife. Phillips had told the police his wife was attacked in their residence. Officer Tokunaga found the hammer while looking for the weapon used in the attack. He had probable cause to seize it and he intended to seize it. A warrant certainly could have been obtained to search the premises given that an attempted murder appeared to have taken place there.

The discovery of the hammer pursuant to Officer Tokunaga's search cannot be described as inadvertent. Inadvertent is defined as unintentional. Merriam-Webster's Collegiate Dictionary, 585 (10th edition 2000). The search and discovery of the hammer was certainly intentional. The intentional search and seizure of the hammer under the plain view doctrine was not valid under Meyer. Therefore, the circuit court

3

erred in not suppressing the evidence of the hammer, and this error cannot be considered harmless. See State v. Pauline, 100 Hawai'i 356, 378, 60 P.3d 306, 328 (2002). The State makes no argument that it would have been harmless error.

Therefore,

IT IS HEREBY ORDERED that the December 12, 2011 "Amended Judgment of Conviction and Sentence" entered in the Circuit Court of the First Circuit is vacated and this case is remanded for a new trial. Phillips's other points on appeal are moot.

DATED: Honolulu, Hawai'i, August 30, 2013.

On the briefs:

Randall K. Hironaka
(Miyoshi & Hironaka)
for Defendant-Appellant.

Stephen K. Tsushima
Deputy Prosecuting Attorney,
City and County of Honolulu
for Plaintiff-Appellee.

Presiding Judge

Associate Judge

4